IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HUDSON, | No. CIV S-09-3420-CMK-P |
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| NEPUMUCENO, | |
| Defendant. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is Defendant's notice of removal, Plaintiff's opposition thereto, and Defendant's reply.

      In his notice of removal, Defendant contends that although Plaintiff chose to file this case in the state court system, this is a federal civil rights action based on Plaintiff's assertion of Eighth Amendment and related due process violations. Plaintiff responds that this case was properly filed in the state court as it is a complaint for damages, general negligence, personal injury, and tort liability.

Reviewing the complaint, the court notes that Plaintiff utilized a state court Judicial Council form for personal injury, to which he attached three causes of action: general negligence, intentional tort, and premises liability. In the explanation of his claim, Plaintiff states that he was subjected to a medical procedure without consent, in violation of his Eighth and Fourteenth Amendment rights, stating the "alleged violation[s violated his] rights guaranteed by the 14th Amendment, including the prisoner's Eighth Amendment rights." He explains that "there was a mistake made with some other inmate who has the same name," and he was therefore mistakenly subjected to the wrong procedure. The court also takes notice that Plaintiff had earlier filed an action in this court raising similar claims arising from the same involuntary procedure which was dismissed for failure to state a federal claim, case number 2:08-cv-3031-CMK. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Although Plaintiff claims violations of his Constitutional rights, the facts alleged in the previous action, as in this action, at best state a claim for medical negligence not deliberate indifference. Regardless of the label a plaintiff uses, the court looks to the facts alleged in a complaint in order to determine whether a plaintiff has stated a federal claim.

It therefore appears that Plaintiff correctly chose to file this new case as a state court action. The burden is on the defendant seeking to remove an action to establish the grounds for federal jurisdiction. See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "The removal statue is strictly construed against removal jurisdiction." Id.

Here, the undersigned finds Defendant fails to meet the burden establishing federal jurisdiction over the facts alleged in Plaintiff's complaint. A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

1  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable
2  mind."  See id.  Accordingly, deliberate indifference to a prisoner's serious illness or injury, or
3  risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle
4  v. Gamble, 429 U.S. 97, 105 (1976) ; see also Farmer, 511 U.S. at 837.  This court has already
5  determined the facts as alleged by Plaintiff do not state a claim for violation of his Eighth
6  Amendment rights.  Defendant fails to explain how the facts alleged in Plaintiff's state court
7  action are sufficient to state a claim for deliberate indifference rather than medical negligence.
8       Based on the above, Defendant shall show cause in writing, within 30 days, why
9  this action should not be remanded to the state court.
10      IT IS SO ORDERED.

12  DATED: April 30, 2010

14  _____
    **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE