IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. HUDSON, | No. CIV S-09-3420-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| NEPUMUCENO, | |
| Defendant. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is Defendant's notice of removal, Plaintiff's opposition thereto, and Defendant's reply.

  On May 4, 2010, the undersigned issued an order to show cause why this case should not be remanded back to state court. Defendant has filed a response thereto. In the response, Defendant argues that the court should not remand this case back to state court because the Plaintiff raises Eighth Amendment claims regarding his medical treatment. Defendant acknowledges, and apparently agrees with, the undersigned in that we look beyond a

1

1  label to the facts alleged in the complaint to determine whether a plaintiff has stated a federal
2  claim.  Defendant then again looks to the labels Plaintiff provides, in that Plaintiff claims
3  "deliberate indifference," not medical malpractice, and cites to the Eighth and Fourteenth
4  Amendments.  Defendant also argues the belief that had Plaintiff intended to make a claim for
5  medical malpractice he would have so pled.
6             Defendant's arguments are unavailing.  As the undersigned discussed in the
7  previous order, Plaintiff utilized state court Judicial Council forms for personal injury, with three
8  causes of action attached: negligence, intentional tort, and premises liability.  He specifically
9  references a mistake being made between himself and another inmate with the same name,
10 causing him to be subjected to the wrong procedure.  While Plaintiff cites the Eighth
11 Amendment, the facts alleged in the complaint are insufficient to state such a claim.  Defendant
12 is trying to rely on the label of deliberate indifference and Eighth Amendment.  Such reliance is
13 insufficient to make this a federal case.
14             The undersigned finds that Plaintiff correctly chose to file this new case as a state
15 court action.  As set forth in the court's previous order, Defendant fails to meet the burden that
16 removal of this action was appropriate.  See California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d
17 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir.
18 1988)).  "The removal statue is strictly construed against removal jurisdiction."  Id.
19             Accordingly, IT IS HEREBY ORDERED that this case is remanded back to the
20 state court.

   DATED:  July 2, 2010

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE